IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERALD LYNN AMPHY, individually and as Mother and Next Friend of K.A., a minor<br><br>Plaintiff,<br><br>v.<br><br>MONTE GRAM TRUCKING,<br>MONTE SCOTT GRAM, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 24-CV-395-DES<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter comes before the Court on Defendants, Monte Gram Trucking ("Defendant Trucking) and Monte Scott Gram's (Defendant Gram) Partial Motion to Dismiss. (Docket No. 18). Defendants seek to dismiss Plaintiffs' claims for negligent hiring, screening, retention, training, and instruction; negligent entrustment; and punitive damages pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' Partial Motion to Dismiss is hereby DENIED.

**I.    Background**

Plaintiffs' Amended Complaint alleges that on April 24, 2023, Plaintiff, Gerald Lynn Amphy was driving northbound on U.S. Highway 69 in Pittsburg County, Oklahoma when Defendant Gram, who was driving a semi-truck and trailer, "suddenly merged into Plaintiffs' lane of travel striking Plaintiff's vehicle and causing it to go into the median." (Docket No. 12 at 2). Plaintiffs allege that Defendant Gram was traveling at an unsafe speed for road conditions without regard to other traffic, recklessly failed to use his brakes and other means available to avoid the collision, and intentionally and willfully, or with gross negligence, merged into Plaintiff's lane of travel while traveling at an unsafe speed for road conditions without regard to other traffic,

1

including Plaintiff's vehicle. *Id.* at 3. Plaintiffs further allege that Defendant Trucking was exercising significant power and control over Defendant Gram on April 24, 2023, and prior thereto including the employment and training of Defendant Gram. *Id.* Finally, Plaintiffs allege that Defendant Trucking negligently hired, screened, retained, trained, or instructed Defendant Gram with regard to the operation of its motor vehicle and his required compliance with both state and federal laws including the FMCSA regulations. *Id.* at 4. Therefore, Plaintiffs allege that Defendant Trucking negligently entrusted their vehicle to Defendant Gram and was individually negligent in contributing to the cause of the collision and Plaintiffs' injuries.

On November 13, 2024, Defendants filed their Partial Motion to Dismiss on Plaintiffs' claims for negligent hiring, screening, retention, training, and instruction; negligent entrustment of a vehicle; and punitive damages for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 18). In their Response, Plaintiffs argue they did not make independent claims for negligent hiring, screening, retention, training and or instruction. (Docket No. 21 at 4). Rather they assert such claims are components of their negligent entrustment claim. *Id.* The Court agrees that there would be some confusion regarding Plaintiffs' individual claims, however, Plaintiff is "the master of the claim" and can allege or not allege whatever causes of actions they see fit. *See generally Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the Court will focus on Plaintiffs' negligent entrustment and punitive damages claims.

## II.     Analysis

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of

the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the U.S. Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard that held to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id.* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247. Courts are to always construe the allegations of a Complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (citing *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003)).

It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

A.   **Negligent Entrustment**

Defendants argue that Plaintiffs' claim for negligent entrustment is improperly pled and lacks vital facts in support thereof. (Docket No. 24 at 2). Defendants argue the "critical element

for recovery on a claim such as negligent entrustment is prior knowledge that the employee had a propensity to commit the very harm for which damages are sought." *Id.* at 3, *citing N.H. v. Presbyterian Church*, 998 P.2d 592, 600 (Okla. 1999). A claim for negligent entrustment exists "when a person who owns or has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and an injury results therefrom." *Green v. Harris*, 70 P.3d 866, 869 (Okla. 2003).

Here, Plaintiffs' Amended Complaint alleged that Defendant Trucking exercised significant power and control over Defendant Gram, and Defendant Trucking failed to properly screen, retain, train or instruct Defendant Gram with regard to the operation of its motor vehicle and compliance with state and federal laws. (Docket No. 12 at 3-4). Therefore, Defendant Trucking negligently entrusted their vehicle to Defendant Gram. *Id.* at 4. Defendant argues that Plaintiffs have failed to plead facts to support this claim because it was unclear what Defendant Trucking knew or should have known prior to the accident. (Docket No. 24 at 3). Although, the Court agrees the Plaintiff's complaint lacks detail, "[s]pecific facts are not necessary" at the pleading stage. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Here, Plaintiffs allege Defendant Trucking did not adequately train Defendant Gram to drive, therefore should have known he would be careless, reckless and incompetent. Plaintiffs' complaint "need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Id*. (*quoting Twombly*, 550 U.S. at 555). Though a close call, the Court finds Plaintiff has pled sufficient facts to give Defendant fair notice of the claim. Accordingly, at this stage, Defendants' Motion to Dismiss Plaintiffs' Negligent Entrustment Claims is DENIED.

B.     **Punitive Damages**

Defendant additionally argues Plaintiffs have not adequately pleaded punitive damages as to any of their claims. (Docket No. 18 at 7). Defendants note:

> Plaintiffs do not adequately plead punitive damages in relation to any theory of negligence. Plaintiffs assert three theories of negligence: (1) simple negligence on the part of Monte Scott Gram premised on his alleged negligent lane change, (2) direct negligence of Monte Gram Trucking for negligently hiring, screening, retaining, training, instructing, and entrusting the vehicle to Monte Scott Gram; and (3) gross negligence of Monte Gram Trucking and/or Monte Scott Gram. Plaintiffs, however, fail to support punitive damages premised on these three theories of liability."

*Id.* The Court does not agree.

Punitive damages in Oklahoma are "generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). Oklahoma law provides that punitive damages may be awarded when the jury finds by clear and convincing evidence that "[t]he defendant has been guilty of reckless disregard for the rights of others" or that "[t]he defendant has acted intentionally and with malice towards others." 23 O.S. §§ 9.1 (B)(l), (C)(l). Plaintiffs argue in their Response that evidence has developed to support a claim for punitive damages, and indeed, Plaintiffs' Response brief includes more facts than their Amended Complaint does. (Docket No. 21 at 2-3). However, a Plaintiff "may not effectively amend his amended complaint by alleging new facts in his response to the motion to dismiss." *Hester v. Osage Landfill, Inc.*, No. 23-CV-00341-GKF-MTS, 2024 WL 101854, at *2 (N.D. Okla. Jan. 9, 2024) *citing Earles v. Cleveland*, 418 F.Supp. 3d 879, 892 (W.D. Okla. 2019). Rather we "look to the specific allegations in the [amended complaint] to determine whether they plausibly support a legal claim for relief." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (internal citation omitted).

Plaintiffs' Amended Complaint alleges Defendant Gram was reckless in the operation of the vehicle belonging to Defendant Trucking and intentionally and willfully or with gross negligence merged into Plaintiffs' lane of travel while traveling at an unsafe speed for road conditions, without regard to other traffic. (Docket No. 12 at 3). Accepting Plaintiffs' well-plead allegations as true and construed in the light most favorable to the plaintiff, *see Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007), Plaintiffs have alleged facts that, if proven, could entitle them to punitive damages against Defendant. Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim for Punitive Damages is DENIED.

### III.     Conclusion

Plaintiffs' Amended Complaint satisfies the pleading requirements set forth under Federal Rule of Civil Procedure 8(a)(2), as clarified by *Twombly* and *Iqbal*, by providing sufficient factual allegations to render their claims for negligent entrustment and punitive damages plausible on their face. Although the negligent entrustment claim lacks some factual details regarding Defendant Trucking's knowledge, the Amended Complaint does include allegations that allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Furthermore, it provides fair notice of the claim and its basis, as required at the pleading stage. Likewise, the punitive damages claim includes allegations of reckless and grossly negligent conduct that, if proven, could justify such relief under Oklahoma law. Construing the Amended Complaint in the light most favorable to Plaintiffs, the Court finds both claims are adequately pled. Accordingly, Defendants' Partial Motion to Dismiss the claims for negligent entrustment and punitive damages is hereby **DENIED**.

IT IS SO ORDERED this 18th day of August, 2025.

_____
D. Edward Snow
United States Magistrate Judge